ANDREW TRAYNOR V. LORENZO V. MORSE ET AL.

FILED JUNE 23, 1898.   No. 8213.

1. **Real Estate Agents:** ACTION FOR COMMISSIONS: VERDICT FOR PLAIN-TIFFS. Evidence examined, and *held* to sustain the finding of the jury.

2. ———: ———: INSTRUCTIONS. Instructions of the court complained of by the plaintiff in error examined, and *held* to be correct.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J. *Affirmed.*

*Hall, McCulloch & Clarkson,* for plaintiff in error.

*Warren Switzler, contra.*

RAGAN, C.

This case was in this court once before. (See *Morse v. Traynor,* 26 Neb. 594.) The action is by Morse & Bruner against Traynor to recover commissions for effecting the sale of some real estate belonging to Traynor or his wife. The trial in the district court resulted in a judgment in favor of Morse & Bruner, to review which Traynor has filed a petition in error here.

We think the record establishes the following facts: That in 1887 Morse & Bruner were real estate agents in the city of Omaha; that Traynor placed his property in their hands for sale at a price of $10,000; that for effecting a sale the real estate agents were to be paid the usual commissions charged by real estate agents; that some time early in 1887 Traynor notified Morse & Bruner that he had raised the price of the property to $12,000 net to him, and that in June, 1889, Morse & Bruner, through a subagent of theirs named Seay, intro-

duced to Traynor a man named Stewart, who pur-
chased this property for $12,500. On the trial Traynor
contended that before the sale of the property to Stew-
art he had taken it out of the hands of Morse & Bruner
for sale. We do not think the evidence sustains this
contention of Traynor.

Another contention of Traynor at the trial was that
prior to the sale of the property to Stewart he had no-
tified Morse & Bruner that he had raised the price of
the property to $14,000. Morse & Bruner claimed that
they had never received such notice, and if the finding
of the jury includes a finding that Morse & Bruner had
not received such a notice, the evidence sustains that
finding.

But the principal point litigated upon the trial was
this: Traynor claimed that when Stewart was intro-
duced to him by Seay and the price of the property in-
quired about he said to Stewart and Seay that the price
of the property was $14,000; that one of these parties
then replied that he understood Morse & Bruner held
it for sale at $12,500, and thereupon he, Traynor, an-
swered that if he could get $12,500 net for the property
it would be all right, and that he did sell the property
to Stewart for $12,500 net. Morse & Bruner's contention
on this issue was that Traynor did not use the word
"net," but sold the property to Stewart for $12,500. The
court instructed the jury as follows: "You are further
instructed that if at the time of the sale, on June 4,
1887, the plaintiffs had received notice to sell the prop-
erty at $14,000, and if George Seay, as the agent of
Morse & Bruner, introduced the Stewarts to the defend-
ant and by defendant's direction and consent the sale
was effected at $12,500, the defendant would be liable
to pay a commission to the plaintiffs, unless Seay, act-
ing for the plaintiffs, agreed with defendant that the
sale should be made at $12,500 net, in which event plain-
tiffs cannot recover." The defendant requested the
court to instruct the jury as follows: "The jury are in-

structed that if they believe from the evidence that the property was still in the hands of Morse & Bruner for sale, and that the price at that time had been given to Morse & Bruner as $14,000, and that when Seay came to Traynor the price was fixed at $12,500 net, you will find for the defendant, although you may find that the property was still in the hands of Morse & Bruner, and that Seay was a subagent of theirs." The court modified the instruction thus: "Provided you find from the evidence that Seay consented and agreed to a sale at $12,500, net." The action of the court in giving the instruction first quoted, and in modifying the second one, it is insisted by counsel for plaintiff in error, was erroneous. In view of the facts as disclosed by the evidence in this case we have reached the conclusion that the court did not err in giving the first instruction, nor in modifying the second. Morse & Bruner had this property for sale at $10,000. The price was then raised to $12,000 net, and subsequently, as claimed by Traynor, the price was raised to $14,000; and if Morse & Bruner brought and introduced to Traynor a purchaser ready, able, and willing to purchase this property at any one of these three prices, and Traynor consented to and did sell the property to such purchaser at any one of these prices, then his liability for commissions to the real estate agents attached in the absence of an agreement on the part of the real estate agents to forego his commission. The judgment of the district court is right and is

AFFIRMED.